UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALENA ALLEN                                        CIVIL ACTION

VERSUS                                             NO:  06-5657

IDA FRANCIS, WIDOW OF                              SECTION: "S" (4)
NORMAN ALLEN ET AL

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss the complaint is

**GRANTED**, and the case is **DISMISSED**.  (Document #14.)

## I. BACKGROUND

Alena Allen is the daughter and heir of Norman Allen, who died on April 2, 2004.  A

petition to probate Norman Allen's will was filed in Civil District Court in New Orleans,

Louisiana, on April 15, 2004.  Norman Allen's estate includes at least 23 parcels of real

property, and Norman Allen bequeathed two of the properties and one-sixth of the residual

properties to Alena Allen.  Alena Allen has not yet received title to the properties "or any other

rightful inheritance."  Alena Allen intervened in the succession proceedings on March 28, 2006.

Alena Allen filed a complaint, asserting diversity jurisdiction, against Ida Marie Francis,[1]

Norman Allen's wife, the executrix and administrator of the estate, and Charles Kronlage, Jr.,

Francis' attorney.  Based on the administration of Norman Allen's estate and the execution of his

will,  Alena Allen alleges claims of breach of fiduciary duty, negligence, breach of contract,

fraud, negligent misrepresentation, and conspiracy.  The defendants filed a motion to dismiss,

urging the court's abstention under the principles of Younger v. Harris, 91 S.Ct. 746 (1971).[2]

## II. DISCUSSION

The defendants contend that the court should abstain from hearing the claims because

they concern matters which are pending in state court.  The defendants argue that Alena Allen's

legal rights should be determined by a Louisiana court under laws governing estates and

inheritance rights.

In Younger v. Harris, the Supreme Court instructed that the principles of equity, comity,

and federalism support a long-standing public policy against federal court interference with state

court proceedings.  91 S.Ct. at 750-51.  "Federal courts do not abstain on Younger grounds

because they lack jurisdiction; rather, Younger abstention reflects a court's prudential decision

---

[1]   Francis died on June 15, 2007.  The court has been advised that the Estate of Ida
Francis Allen will be substituted as a defendant.

[2]   Even though the Estate of Ida Francis Allen has not yet been substituted as a
defendant, the court will address the issue in the motion to dismiss.  The argument is based on
the abstention doctrine, not on the substantive rights of a particular party, and Kronlage is still a
named defendant in the suit.

not to exercise jurisdiction which it in fact possesses."  Weekly v. Morrow, 204 F.3d 613 (5th

Cir. 2000).  The Supreme Court set out a three-part test under which abstention is advised:  "(1)

the dispute should involve an ongoing state judicial proceeding, (2) the state must have an

important interest in regulating the subject matter of the claim; and (3) there should be an

adequate opportunity in the state proceedings to raise constitutional challenges."  See Wightman

v. Texas Supreme Court, 84 F.3d 188, 189 (5th Cir. 1996).

     The court concludes that abstention under Younger is appropriate in this case.  The state

court proceedings in the succession of Norman Allen's estate are ongoing, and Alena Allen is a

party in that action.  The State of Louisiana has important state interests in determining Alena

Allen's legal rights under her father's will and the ownership of the real property.  Alena Allen

has not identified any federal questions that will not be adequately addressed in the state court

proceedings.  Moreover, to the extent that Alena Allen raises issues that concern attorney

misconduct and issues raised in the disciplinary proceedings against Kronlage, abstention is

appropriate.  Wightman v. Texas Supreme Court, 84 F.3d at 190-91 ("[A]ttorney disciplinary

proceedings are among those judicial proceedings invested with sufficiently important state

interest to warrant deference under Younger.").

### III. CONCLUSION

Accordingly, the court abstains from addressing the issues of vital state interests raised in the complaint, and the motion to dismiss is granted.

New Orleans, Louisiana, this   31st day of July, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

4